## HARBIN v. KNOX.

1. In appeals from justices of the peace it is not necessary for the parties to make up an issue upon paper, and where the defendant relies on a tender, it is competent for the Court to require him to prove every fact, necessary to make out a plea such formally pleaded. And where in such case the word " tender," is found written in the transcript, but not signed by counsel, it cannot be intended that it was received by the plaintiff as a plea, and thus preclude him from insisting at the trial that the money was not in Court.

2. *Quere?*—Is a justice of the peace previous to the institution of a suit, such an agent *virtute officii*, as is authorized to receive money of a debtor on a claim placed in his hands to be sued.

Writ of error to the County Court of Lowndes.

THIS cause originated before a justice of the peace at the instance of the defendant in error; a judgment being rendered in his favor, the case was removed to the County Court, where there was a similar result.

The amount in controversy being under twenty dollars, the cause was tried by the Court without the intervention of a jury. The case made by a bill of exceptions may be thus stated, viz: the defendant proved, that while the account was in the hands of the justice of the peace, who had received it for collection from the plaintiff, and before he had sued thereon, he (the defendant,) tendered to the justice, in Alabama bank bills, the amount of the claim, and no objection was made to the bills. The defendant prayed the Court to exclude the evidence, on the ground, that the money was not brought into Court; and the evidence was excluded because the tender to the justice was not sufficient. Whereupon a judgment was rendered against the defendant below for the amount appearing to be due with costs.

STONE, for the plaintiff in error, cited, 1 Wheaton's Selw. 139, 140; Paley on Agency, 289; 3 Starkie's Ev. 1394; 3 T. Rep. 554; Minor's Rep. 201, and insisted, that the justice of the peace was an agent to whom a payment or tender could be made; that a tender in bank bills, if not objected to, is good, and it could not be urged on the trial, that the money was not in Court. Such an objection, then, comes too late.

N. COOK, for the defendant, argued, that a tender could not be supported, unless the money was in Court before, or at least at the time of the trial. [Eddy v. O'Hara, 14 Wend. Rep. 221.]

COLLIER, C. J.—In appeals from justices of the peace where the amount in controversy does not exceed twenty dollars, it has been repeatedly held that it is not necessary for the parties to make up an issue upon paper; but the complaint and answer may be stated orally, and developed by the proofs. And in all appeals from that jurisdiction the Court before whom the same is brought shall proceed to try the case according to the justice and equity thereof. [Clay's Dig. 314,

§ 10; 315, § 12.] In the present case, it was clearly competent for the County Court to have required the defendant, to prove every thing that was necessary, to constitute a good plea of tender. It cannot be supposed that the defendant must be intended to have replied to the word "tender," which appears written in the transcript. It is not signed by counsel so as to indicate that it is a plea, and if it were, it could not be thus dignified, as there was not, nor could be, with propriety, a statement to which a plea was necessary. There is, then, no pretence for the argument, that by going to trial, the plaintiff waived the right to require the production of the money. The proof that it was in Court, was an essential constituent of the defence, and if not made, the defence would be incomplete.

But conceding, that a tender, with a continued readiness and profert of the money was shown, and might it not then be objected, that a justice of the peace before suit brought, is not such an agent *virtute officii*, as is authorized to receive money of a debtor on a claim placed in his hands to be sued? Would the sureties of the justice be liable on his official bond for money thus collected? If not, the receipt of money under such circumstances would not be as an officer, but as a private individual; and to make him an agent for one who had engaged his official services, with powers beyond those conferred by the law, a delegation of authority should be shown. It is needless to consider this question further, as the view taken of the first point shows, that the judgment of the County Court must be affirmed.